```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

LINDA DEJANA, as Personal            )
Representative of the Estate of      )
Philip Dejana, Deceased, et al.,     )
                                     )
                 Plaintiffs,         )
                                     )
       v.                            )    No.  4:11CV1457 FRB
                                     )
MARINE TECHNOLOGY, INC., et al.,     )
                                     )
                 Defendants.         )

## MEMORANDUM AND ORDER

Presently pending before the Court is plaintiffs' Motion to Dismiss Without Prejudice (Doc. #10). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

This products liability/wrongful death action arises out of a fatal powerboat accident which occurred on August 24, 2008, in the Great South Bay off of Long Island, New York, and resulted in the deaths of Philip Dejana and Kevin Graff. Invoking federal diversity and admiralty jurisdiction, plaintiffs filed the instant Complaint in this Court on August 22, 2011. 28 U.S.C. §§ 1332, 1333. Plaintiffs Linda Dejana and William T. Graff are citizens of the State of New York and each act as personal representative of the respective estates of decedents Philip Dejana and Kevin Graff. The named defendants in this action are Missouri residents Marine Technology, Inc., and Randy M. Scism.

Prior to the institution of the instant cause of action, and specifically in September 2010, plaintiffs filed a separate, but identical, products liability/wrongful death action against the same named defendants in the United States District Court, Eastern District of New York ("the EDNY case").  In February 2011, defendants filed a motion to dismiss in that cause for lack of personal jurisdiction, and that motion remained pending before the district court in New York at the time the instant cause of action was filed in this Court in August 2011.  In their instant Motion to Dismiss Without Prejudice, plaintiffs aver that they filed the instant cause of action in this Court "solely to protect their claim from a statute of limitations bar" in the event the district court in New York dismissed the EDNY case with prejudice.  (Pltfs.' Memo. in Supp., Doc. #11 at p.3.)

On September 26, 2011, subsequent to the filing of the instant cause of action in this Court and prior to the effectuation of service on the defendants, the district court in New York determined that it did not have personal jurisdiction over the defendants in the EDNY case.  Rather than dismiss the case, however, the district court determined to transfer the action to the Eastern District of Missouri pursuant to 28 U.S.C. § 1406(a), finding there to be a compelling reason for transfer, and specifically, that the statute of limitations had likely run on plaintiffs' claims.  The action was thereafter transferred to this

district and is currently pending before United States District Judge John A. Ross.  See Dejana, et al. v. Marine Tech., Inc., et al., No. 4:11CV1690 JAR (E.D. Mo. 2011) ("the 1690 action").

Thereafter, on November 1, 2011, defendants entered their appearance in the instant cause of action, filed an Answer, and moved that the 1690 action be consolidated into this cause.  Citing Local Rule 4.03,[1] defendants requested that upon consolidating the 1690 action into this cause, the 1690 action be dismissed.  On November 4, 2011, plaintiffs filed the instant Motion to Dismiss Without Prejudice, requesting that the instant cause be dismissed and that the 1690 action be allowed to proceed inasmuch as "[i]n Case 1690, the parties have exchanged a Complaint and Answer, exchanged documents, and agreed to a scheduling order.  In Case 1690, the parties are ready to proceed with additional written discovery, physical inspections, and depositions.  There is no such progress in Case 1457[.]"  (Pltfs.' Memo. in Supp., Doc. #11 at p.4.)  In response, defendants argue that they would be prejudiced by such a dismissal inasmuch as they have already filed an Answer

---

[1]Local Rule 4.03 provides:

A party desiring the consolidation of related cases shall file a motion in the case bearing the lowest cause number. . . .  The district or magistrate judge presiding in the lowest-numbered case shall rule on the motion.  If the motion is granted, the consolidated cases shall be reassigned to the judge presiding in the lowest-numbered case.  Following consolidation, all documents shall be filed only in the lowest-numbered case, unless otherwise ordered by the Court.

in the cause.  Defendants further contend that the case should proceed pursuant to the procedures set out in Local Rule 4.03 governing consolidation.

Once an answer or a motion for summary judgment has been filed in an action, a plaintiff may voluntarily dismiss the action without prejudice only upon order of the court and upon such terms as the court deems proper.  Fed. R. Civ. P. 41(a).  A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court.  Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 950 (8th Cir. 1999).  "In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants."  Id. (citations omitted).

In this cause, plaintiffs' explanation for seeking dismissal of this action is well supported and provides a proper basis upon which to discontinue this action and to proceed with the originally filed action, now pending for sixteen months.  Comparing the status of the proceedings between this action and the 1690 action, the undersigned is of the opinion that it would be a waste of judicial time and effort *not* to dismiss this action and to essentially begin anew in this cause.  Finally, defendants have failed to show that they would suffer any prejudice by the

dismissal of this action. Given the brief period of time the instant cause has been pending and the lack of significant commitment of time and money expended, the undersigned finds that defendants will not be prejudiced by the dismissal of this cause without prejudice. Cf. <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 397 (1990) (observing that Rule 41(a)(1) allows plaintiffs to voluntarily dismiss without prejudice "only during the brief period before the defendant had made a significant commitment of time and money.").

Therefore, the Court determines in its discretion that dismissal of the instant cause of action without prejudice is appropriate. In addition, upon review of the present circumstances of the case, the Court determines that terms of dismissal need not be imposed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Dismiss Without Prejudice (Doc. #10) is granted.

**IT IS FURTHER ORDERED** that this cause is hereby dismissed without prejudice.

**IT IS FURTHER ORDERED** that defendants' Motion to Consolidate (Doc. #7) and Amended Motion to Consolidate (Doc. #8) are denied as moot.

**IT IS FURTHER ORDERED** that plaintiffs' Motion to Stay Defendants' Motion to Consolidate (Doc. #9) is denied as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall cause a copy of this Memorandum and Order to be filed and docketed in <u>Dejana, et al. v. Marine Tech., Inc., et al.</u>, Cause No. 4:11CV1690 JAR.


                                                         _____
                                                         UNITED STATES MAGISTRATE JUDGE


Dated this  <u>11th</u>  day of January, 2012.